1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Sprint Communications Co., L.P.,        )   No. cv-06-2064-PHX-ROS
                                           )
10         Plaintiff,                       )   **ORDER**
                                           )
11  vs.                                     )
                                           )
12                                          )
    Western Innovations, Inc., et al.,      )
13                                          )
           Defendants.                      )
14                                          )
                                           )
15  _____    )

16

17         Pending is Plaintiff's Motion for Reconsideration (Doc. 214). Sprint Communications

18  Company moves for reconsideration of the ruling that Sprint's strict liability and negligence

19  per se claims were time barred and, as a consequence, grant it judgment on those claims as

20  a matter of law.   Sprint's Motion will be granted as to the first and denied as to the second.

21         In its March 9, 2009 Order, the Court wrote:

22         In its Order of July 24, 2007, this Court ruled that a statutory strict liability
           claim arising out of A.R.S. § § 40-360.26 and 40-360.28 was time barred
23         under that one year statute of limitations.  If, therefore, Plaintiff's cause of
           action for negligence per se constitutes 'liability created by statute' it is time
24         barred."

25  The Court then concluded that negligence per se did, in fact, constitute liability created by

26  statute and was time barred.  Sprint, however, argues that this was premised on a mistaken

27  belief that the Court had earlier found Plaintiff's statutory strict liability claim time barred.

28

1     In its July 24, 2007 Order, this Court found that Plaintiff's strict liability causes of

2   action against Western Innovations, Inc. were time barred.  However, in its January 31, 2008

3   Order, the Court noted that the situation differed as to Defendant Haydon Building

4   Corporation, stating that the question of when discovery occurred and a cause of action

5   accrued are questions of fact, not to be determined on a motion for judgment on the

6   pleadings.  Accordingly, the Court denied Haydon's Motion without prejudice, allowing

7   Haydon an opportunity to later raise the matter in accordance with Fed. R. Civ. Pro. 56.

8     Thus, the Court's analysis was inconsistent with regards to Haydon and therefore

9   constitutes error.

10    Accordingly, the question of whether Sprint may be granted summary judgment on

11  its strict liability and negligence per se claims must be reconsidered.  In its March 9, 2009

12  Order the Court found that "[i]t is undisputed that Haydon obliterated Sprint's locate marks

13  while performing grading work in the area, was aware of this fact, and requested that

14  Western excavate as quickly as possible in the area all the same without informing Western

15  of the destruction or making an effort to get the marks redone."  To rule on Sprint's

16  statutorily based claims  must be considered in the context of the Arizona Damage Protection

17  Act.  That Act provides:

18          A person shall not make or begin any excavation in any public street, alley,
            right-of-way dedicated to the public use or utility easement without first
19          obtaining information concerning the possible location of any underground
            facility from each and every public utility, municipal corporation or other
20          person having the right to bury such underground facilities within the public
            street, alley, right-of-way or utility easement.
21
    A.R.S. § 40-360.23.
22
23    Arizona courts have found that "it is apparent that [the Act was] designed to provide

24  a cause of action against those people who carelessly or negligently excavate in an easement

25  to the damage of the utility located therein. . . . [I]f a person does not obtain information as

26  to the easement then he is liable for damages.  If a person obtains the necessary information

27  and excavates in a careful and prudent manner, he can then escape liability for damages."

28  Sedona Self Realization Group v. Sun-Up Water Co., 598 P.2d 987, 989 (Ariz. 1979).

1    The Court has already found that Haydon operated carelessly. The question, however,

2    was whether they were in the process of "mak[ing[ or begin[ning] an excavation" within the

3    meaning of the statute. Haydon argues that it was an excavator with respect to the work it

4    had earlier done but not with respect to the work Western had done. And, in fact, the statute

5    speaks prospectively – of actions that must be taken *prior* to excavation, not as to what must

6    be done *after* an excavation has been completed. Quite simply, while Haydon behaved

7    carelessly and negligently in connection with the events in question, the Court cannot say

8    that it *excavated* carelessly and negligently, at least on the facts evident at this time.

9    Plaintiff attempts to escape the prospective focus of the statute by basing its claim on

10   subsection (C) of that provision which it claims "expressly prohibits excavators from moving

11   or obliterating the marks placed by utility owners to identify the location of underground

12   utilities." However, that subsection reads:

13   An excavator or an underground facilities operator shall not move or obliterate
     markings made pursuant to this article or fabricate markings in an unmarked
14   location for the purpose of concealing or avoiding liability for a violation of
     or noncompliance with this article.
15

16   A.R.S. § 40-360.23.

17   When construing a statute, Arizona courts consider "the statutory language; if the language

18   is plain and unambiguous, [they] will apply it without resorting to other rules of construction. The

19   individual provision at issue, however, must be considered in the context of the entire statute

20   of which it is a part." Arizona Dep't of Econ. Sec. v. Superior Court, 923 P.2d 871, 874 (Ariz. Ct. App.

21   1996) (internal citations omitted). Subsection (C) is plain and unambiguous; the provision

22   prohibits destruction of marks for the purposes of concealing damage done while excavating

23   rather than destruction of marks wholesale. In other words, an excavator who damages an

24   underground facility may not erase or move marks in order to make it appear that she had not

25   excavated carelessly or negligently. Haydon's behavior, in which marks were apparently

26   erased incidentally to excavation and helped contribute to damage done later by a second

27   excavator, does not fall within the statute's ambit.

28

1    Accordingly, Plaintiff's requested relief must be granted in part and denied in part.

2  The Court's earlier finding that Plaintiff's Negligence Per Se and Strict Liability claims were

3  time barred is reversed, however Plaintiff will not be granted judgment as a matter of law on

4  those claims.

5    **IT IS SO ORDERED.**

6

7    DATED this 21st day of May, 2009.

8

9

10

11

12    _____

Roslyn O. Silver
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28