WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sprint Communications Co., ) | No. cv-06-2064-PHX-ROS |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Western Innovations, Inc., et al., ) |  |
| Defendant. ) |  |

Pending is Western's Motion in Limine Regarding Punitive Damages (Doc. 223). Western moves for an order that Plaintiff is not entitled to present evidence regarding punitive damages, unless and until Sprint has made a prima facie showing of an entitlement to punitive damages. In support of this proposition, they cite to an Arizona state case which agreed with the proposition that "*prima facie* proof of a triable issue on liability for punitive damages is necessary to *discover* information relating to the defendant's financial status." Larriva v. Montiel, 691 P.2d 735, 736 (Ariz. Ct. App. 1984) (emphasis added). However, as Plaintiff points out, the court there explicitly avoids making broader statements regarding a *prima facie* case for damages, emphasizing that the

> rule is to require a plaintiff to make a prima facie showing that he will be entitled to present the issue of punitive damages to the jury before discovery should be allowed in the financial area. This can be done through discovery, by evidentiary means or through an offer of proof. Otherwise, the possibilities of harassment and misuse of civil process are obvious.

Id. at 738. Here, discovery has long passed. Sprint is not seeking to obtain information that it would not otherwise have access to regarding Western's culpability. No parallel possibilities for harassment and misuse of civil process exist here and in no way can Sprint's activities be characterized as a fishing expedition as they might be in the context of discovery. Conversely, at least one Arizona case has implied that the *prima facie* case for punitive damages will often be a matter for the jury. Hawkins v. Allstate Ins. Co., 722 P.2d 1073, 1080-81 (Ariz. 1987) (discussing what evidence is relevant in establishing a *prima facie* case for punitive damages for the jury). Accordingly, the rule carved out by the Larriva court simply does not apply outside the discovery context.

It is also worth noting that even if such a heightened pleading standard existed, it may not be applicable in federal court. See, e.g., Cohen v. Office Depot, Inc., 184 F.3d 1292, 1295-968 (where Florida law required the dismissal of a request for punitive damages asserted without leave of the court, the law conflicts with Fed. R. Proc. 8(a)(3) and could therefore not be applied by federal courts sitting in diversity.) However, the issue need not be decided at this time.

Accordingly,

**IT IS ORDERED** Defendant's Motion is **DENIED**.

DATED this 21st day of May, 2009.

_____
Roslyn O. Silver
United States District Judge