WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sprint Communications Co., | ) | No. cv-06-2064-PHX-ROS |
| Plaintiff, | ) ) | **OPINION** |
| vs. | ) ) | |
| Western Innovations, Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

It is apparent to this Court that the Court's discussion of loss of use damages in the March 9, 2009 Order was incomplete; specifically, it did not address the question of the one-time installation fee claimed by Plaintiff as part of the rental cost of a substitute cable. This opinion addresses that matter.

Preliminarily, Plaintiff argues that this constitutes an inquiry into the proper amount of damages, a question of fact rather than of law. However, it is not a question of the amount, but rather of the proper measure of installation charges for telecommunications cables as an element of loss-of-use damages. Put simply, it would be inappropriate for this Court to decide what the amount of the market one-time charge actually is; it is not inappropriate for the Court to consider as a matter of law whether the one-time charge is recoverable as part of loss-of-use damages.

There does not appear to be any Arizona case law on point. In a case of first impression, Arizona courts "look for guidance [from] other jurisdictions have addressed [the] issue." Tritschler

v. Allstate Ins. Co., 144 P.3d 519, 527 (Ariz. Ct. App. 2006). The only court that seems to have issued an opinion on the question of one-time damages decided, in no uncertain terms, that such damages are not recoverable. That court wrote, by way of helpful analogy, quoted here in full:

> [C]onsider an apartment rental market in a university town where only one year leases are available. A tenant seeks loss of use damages in that market because a gas leak or some other wrong prevented him from occupying his apartment for eight hours. It would be unfair, even absurd, to measure the value of that loss of use by adding to a pro-rated lease the first month's rent, last month's rent, security deposit, and other one-time fees associated with actually renting an apartment for a year. If there is no functioning market for hourly rentals for apartments, one could not reasonably base the measure of value on the terms of a much longer rental where one-time charges would overshadow the periodic rental charge.

MCI, LLC v. Patriot Eng'g & Envtl., Inc., 487 F. Supp. 2d 1029, 1039 (S.D. Ind. 2007).

That analogy is applicable. Loss of use damages in an instance such as here where, in fact, no actual loss of use damages were suffered by Plaintiff, are inherently a construction meant to approximate loss of use and to avoid penalizing a party for taking precautions ahead of an emergency. The Patriot court aptly quoted Judge Cardozo: "Metaphors in law are to be narrowly watched, for starting as devices to liberate thought, they end often by enslaving it." Id. (citing Berkey v. Third Ave. Railway Co., 155 N.E. 58, 61 (N.Y. 1929). Loss of use damages are not meant to literally compensate Plaintiff for every expense it might conceivably have incurred had it had to rent a substitute cable. For instance, this Court is confident saying as a matter of law that Plaintiff may not recoup damages covering the phone charges its employees might hypothetically have used in shopping various rental suppliers. Similarly, it is equally confident in holding that awarding a one-time installation fee exceeding many times over the actual per hour rental costs renders it monstrous, leading to an absurd result and failing to fairly compensate for the actual harm suffered. Moreover, it would be unduly punitive, a policy Arizona courts have sought to avoid. See, e.g., Aries v. Palmer Johnson, Inc., 735 P.2d 1373, 1382 (Ariz. Ct. App. 1987) (citing Jacobs v. Rosemount Dodge-Winnebago South, 310 N.W. 2d 71, 79 (Minn. 1981) (the trier of fact may decide the amount of damages "so long as that assessment is reasonable and not punitive.").[1]

---

[1] While the issue has not been briefed and need not be decided at this time, there is also a question as to whether such an award, which exceeds actual damages many times over, can be justified as meeting the strictures of due process, which "prohibits a State from

- 2 -

1    Nor is the Court persuaded by Plaintiff's argument that Western will suffer a windfall if
2 Plaintiff is not compensated for the "millions of dollars . . . for the dedicated spare capacity it used
3 to reroute some of the traffic from the cable Western severed."  Western is not required to fully or
4 adequately compensate a for-profit business for the emergency measures it takes to protect against
5 cable severance and natural disasters, nor is there a particular quantum level of compensation that
6 is required.  Sprint's preparations were not made in anticipation that Western alone would sever its
7 cable and be responsible for compensating them for a specific portion of it (or, at any rate, they
8 should not have been.)
9    Accordingly, the Court adopts the view of the Patriot court.  A one-time installation charge
10 is not appropriately calculated as an element of loss of use damages unless it is pro-rated in a
11 reasonable fashion, as Sprint has pro-rated the hourly rental charges.

   DATED this 21st day of May, 2009.

   _____
   Roslyn O. Silver
   United States District Judge

---

imposing a grossly excessive punishment on a tortfeasor."  BMW v. N. Am. v. Gore, 517 U.S. 559, 563 (1996)

- 3 -